UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

**CIVIL ACTION NO. 14-166-DLB**

**DAVID COLLINS**                                                                                          **PLAINTIFF**

vs.                              **MEMORANDUM OPINION AND ORDER**

**CAROLYN W. COLVIN, Acting
Commissioner of Social Security**                                                    **DEFENDANT**

*********************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 2, 2011, Plaintiff David Collins filed his application for a period of disability and Disability Insurance Benefits ("DIB"), alleging disability as of August 9, 2011. (Tr. 194-97). Plaintiff's claim was denied initially and on reconsideration. (Tr. 126-29 and 134-36). On June 20, 2013, Administrative Law Judge Michele M. Kelley conducted an administrative hearing at Plaintiff's request. (Tr. 38-78). ALJ Kelley ruled that Plaintiff was not entitled to benefits on July 23, 2013. (Tr. 14-37). This decision became the final decision of the Commissioner when the Appeals Council denied review on September 26, 2014. (Tr. 1-7).

1

On November 25, 2014, Plaintiff filed the instant action. (Doc. # 1). This matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review. (Docs. # 6 and 7).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe;" Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th

2

Cir. 1994).

## B.     *The ALJ's Determination*

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 19). At Step 2, the ALJ determined that Plaintiff had the following severe impairments: (1) right shoulder tendinitis and rotator cuff tear; (2) degenerative disc disease of the lumbar spine; (3) depression; and (4) anxiety. (*Id.*).

At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to, an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 87-88). Specifically, the ALJ found that Plaintiff's right shoulder impairment did not meet the requirements of Listing 1.02 (major dysfunction of a joint due to any cause) because it did not "result in the inability to perform fine and gross movements." (Tr. 22). She also concluded that Plaintiff's degenerative disc disease did not meet the requirements of Listing 1.04 (disorders of the spine) because there is no evidence of significant spinal stenosis or neurological deficits. (*Id.*). Finally, the ALJ found that Plaintiff's depression and anxiety did not meet the requirements of Listing 12.04 (affective disorders) because he managed many activities associated with daily living and had not experienced any episodes of decompensation of extended duration. (*Id.*).

At Step 4, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform less than a full range of light work, as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b):

> He can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. He can stand and walk six hours in an eight-hour workday and sit six hours in an eight-hour workday. He is limited to occasional pushing and pulling with the right upper extremity, but cannot reach overhead with the

>right upper extremity. He can occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl. He cannot climb ladders, ropes, or scaffolds. He should avoid concentrated exposure to vibration. He needs the option to change positions every 30 to 60 minutes for a few minutes of time while staying on task. He should avoid direct exposure to hazardous work conditions, including unprotected heights, inherently dangerous moving machinery or work environments, uneven surfaces, and large bodies of water. He can understand, remember, and carry out unskilled work up to an SVP of 2 and a reasoning level of 2.

(Tr. 24). The ALJ further found that Plaintiff was unable to perform past relevant work as an underground coal miner and belt man. (Tr. 28).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform. (Tr. 29). The ALJ based this conclusion on testimony from a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, work experience, and RFC. (*Id.*). The VE testified that a hypothetical individual with Plaintiff's vocational profile and RFC could find light work as an information clerk (900,000 nationally/900 regionally), gate tender (15,000 nationally/700 regionally) or photocopy operator (60,000 nationally/400 regionally). (*Id.*). Based on the testimony of the VE and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff is capable of making a successful adjustment to other work and thus concluded that he was not under a "disability," as defined by the Social Security Act. (*Id.*).

4

## C. Plaintiff's Arguments

Plaintiff advances four arguments on appeal.[1] (Doc. # 6-1). First, Plaintiff argues that the ALJ failed to give controlling weight to the opinion of Dr. Anbu Nadar, one of his treating physicians. Second, Plaintiff complains that the ALJ erred in her credibility assessment. Third, Plaintiff contends that the ALJ posed an inaccurate hypothetical question to the VE. Fourth, Plaintiff suggests that the ALJ's decision should be overturned because there is substantial evidence to support a finding of disability. Each of these arguments will be addressed in turn.

### 1. The ALJ did not err in weighing the opinion of Dr. Nadar.

In social security disability cases, the Commissioner depends on medical sources "to provide evidence, including opinions, on the nature and severity of [claimant's] impairment(s)." 20 C.F.R. § 404.1527(d)(2). Such evidence may come from treating sources, non-treating sources and/or non-examining sources. 20 C.F.R. § 404.1502. A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id.*

A treating source's opinion is entitled to controlling weight if it is "'well supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent

---

1) The Commissioner argues that Plaintiff has waived his arguments by failing to adequately develop them. (Doc. # 7 at 4-5). After all, "[i]ssues adverted to in a perfunctory manner unaccompanied by some effort at developed argumentation, as deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). The Court agrees that Plaintiff's brief is poorly developed. However, because the Court is able to broadly identify the issues raised, it will analyze them briefly out of an abundance of caution.

with the other substantial evidence in the case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). If a treating source's opinion is not entitled to controlling weight, the ALJ must consider the following factors in order to determine how much weight to give the opinion: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; and (5) the specialization of the treating source. *Id.* The ALJ must also provide "good reasons" for the weight given to a treating source's opinion. 20 C.F.R. § 404.1527(d)(2); *see also* Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (1996) (explaining that the ALJ's decision "'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record'").

This "treating physician rule" only applies to *medical* opinions. While a medical expert may opine "on issues such as whether [claimant's] impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments," as well as claimant's residual functional capacity or the application of vocational factors, such opinions are not entitled to controlling weight. *See* 20 CFR § 404.1527(d)(2) (stating that "the final responsibility for deciding these issues is reserved to the Commissioner"). "Although the ALJ may not entirely ignore such an opinion, his decision need only explain the consideration given to the treating source's opinion." *Turner v. Comm'r of Soc. Sec.*, 2010 WL 2294531, at *4 (6th Cir. June 7, 2010).

Plaintiff complains that the ALJ did not give controlling weight to the opinions of Dr. Anbu Nadar, an orthopedic surgeon with whom he had a treating relationship. In the hearing decision, the ALJ discussed two different opinions provided by Dr. Nadar:

> Dr. Nadar opined at the conclusion of an October 2011 examination that the claimant would not be able to return to work at that time. The undersigned rejects this opinion, as the determination of disability is one reserved for the Commissioner. Further, the finding at that time was done so only two months after his right shoulder injury, and prior to further treatment and surgery. A subsequent opinion by Dr. Nadar dated April 24, 2013, concluded that the claimant would have limitation in work activities that required heavy lifting, pushing and pulling with the right arm, and with overhead activity. The undersigned affords great weight to this opinion, as its conclusions were done after treatment received and findings consistent with the objective medical evidence.

(Tr. 27).

The ALJ was correct in stating that Dr. Nadar's opinion of October 2011 was not entitled to controlling weight because he opined on an issue ultimately reserved for the Commissioner's determination. The ALJ then went on to explain why she totally rejected that opinion, citing to medical evidence of Plaintiff's improved condition. As for Dr. Nadar's opinion of April 2013, the ALJ may not have used the term controlling weight, but she did explain that his opinion was entitled to great weight because it was consistent with the medical evidence of record. Perhaps this would be error in some cases; here, it is little more than a question of semantics. The record indicates that the ALJ incorporated all of the limitations identified by Dr. Nadar into the RFC assessment, which is precisely what the ALJ is supposed to do with an opinion that is entitled to controlling weight. Because Plaintiff cannot demonstrate that any aspect of Dr. Nadar's opinions were improperly treated by the ALJ, the Court finds that the ALJ's Step 4 analysis is supported by substantial evidence.

### 2. The ALJ did not err in assessing Plaintiff's credibility.

Although relevant to the RFC assessment, a claimant's description of his or her symptoms is not enough, on its own, to establish the existence of physical and/or mental

7

impairments or disability. Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *2 (July 2, 1996). When evaluating a claimant's symptoms, the ALJ must determine whether there is an underlying medically determinable impairment that could reasonably be expected to produce the alleged symptoms. *Id.* Once that is established, the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individuals' ability to do basic work activities." *Id.*

When the claimant's description of his or her symptoms is not supported by objective medical evidence, the ALJ must assess the credibility of the claimant's statements based on the entire case record, including medical and laboratory findings, claimant's statements, information provided by treating or examining physicians about how the symptoms affect the claimant, and any other relevant evidence. *Id.* The ALJ may also consider the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness and side effects off any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives for pain relief; any other measures used for pain management; and any other factors concerning the claimant's limitations due to symptoms. *Id.* at *3. Credibility determinations based solely on intangible or intuitive notions are impermissible. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

Although Plaintiff does not directly take issue with the ALJ's credibility assessment, he does note that "consideration should be given to all of [his] symptoms, including pain, and the extent to which the signs and findings confirm those symptoms." (Doc. # 6-1 at 10). The implication, of course, is that the ALJ failed to do so. Accordingly, the Court will

briefly review the ALJ's credibility assessment.

At Step 4, the ALJ found that the underlying physical or mental impairments could reasonably be expected to produce the claimant's pain or other symptoms. (Tr. 25). However, she observed that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (*Id.*). To illustrate this point, the ALJ cited to several pieces to medical evidence that were inconsistent with Plaintiff's testimony regarding his symptoms:

> The claimant testified that all he does is sit around due in part to his inability to get comfortable enough to do anything. However, Function Reports completed by the claimant and his wife indicate that he prepares simple meals daily, washes clothes, helps his young to bath [*sic*] and dress, and grocery shops for up to 25 minutes. However, when questioned about his previous day, the claimant reported that he made a trip to and from Lexington, Kentucky, a trip of about three hours, and underwent a five-hour vocational assessment. As noted above, the claimant testified to some benefits from his prescribed medications, but noted continued significant pain levels in both his shoulder and back. However, treatment records from Dr. Mann, as recent as June 2013, indicate that the claimant's symptoms were stable and fairly well controlled with his medications and restricted activities. Treatment records indicated the claimant continued to have some symptoms in the right shoulder following his second surgery, but did find some improvement. The undersigned notes that although Mr. Collins testified to a history of low back injuries, he continued to sustain work activity at a very heavy exertional level. The undersigned finds the claimant's mental health impairments appear to be related to loss of employment and financial reasons rather than a longitudinal mental health problem. Both Drs. Ford and Edwards placed the claimant's GAF at 60 or above, consistent with only a mild mental health disorder.

(*Id.*).

Based on its review of the record, the Court finds that the ALJ did exactly as the regulations instruct. She concluded that there were inconsistencies between the severity of Plaintiff's symptoms and the objective medical evidence, necessitating an assessment of Plaintiff's credibility. In making this assessment, the ALJ availed herself of the entire

9

case record, as Social Security Ruling 96-7p instructs. She not only provided multiple examples of the inconsistencies between the objective medical evidence and Plaintiff's testimony, she also highlighted the inconsistencies in Plaintiff's own testimony. Finally, the ALJ incorporated the limitations that she found to be justified in assigning an RFC of light work. Under these circumstances, the Court finds that this aspect of the ALJ's Step 4 analysis is also supported by substantial evidence..

>    3.   **The ALJ did not err in relying on the VE's response to an appropriate hypothetical question.**

In posing a hypothetical question to a vocational expert, an ALJ must accurately describe Plaintiff's functional limitations. *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779. (6th Cir. 1987). However, the ALJ need only incorporate those limitations she finds to be credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Plaintiff insists that the ALJ's hypothetical question was deficient because it did not "accurately account for the Plaintiff's subjective complaints and the medical evidence he submitted." (Doc. # 6-1 at 10). He further states that "[o]nce the vocational expert had been presented with [an accurate] hypothetical, . . . the vocational expert conceded that the Plaintiff would be unable to perform work on a regular and sustained basis." (*Id.*). Although Plaintiff does not specifically identify which hypothetical was accurate, the Court presumes that he is referring to the hypothetical posed by his attorney. (Tr. 76-77). Specifically, Plaintiff's attorney asked the VE whether there would be work remaining in the regional or national economy if she gave full credit to his testimony about the severity of his symptoms. (*Id.*). The VE replied that Plaintiff would not be able to sustain employment.

10

(*Id.*).

For reasons explained above, the ALJ did not find those limitations to be credible. Therefore, there is no error in her failure to rely upon the hypothetical question crafted by Plaintiff's attorney. Rather, the ALJ identified the limitations that she did find credible, then incorporated them into the hypothetical question that she posed to the VE, as the regulations instruct. The Court sees no error in the ALJ's Step 5 analysis.

### 4. It does not matter whether there is substantial evidence to support a finding of disability.

As a final matter, Plaintiff asserts that "a conclusion that the Plaintiff's physical impairments have rendered him disabled is amply supported by the medical records from the physicians in the record." (Doc. # 6-1 at 9). This argument is little more than an attempt to re-weigh the evidence, which is not the task of this Court. Its role is limited to determining whether there is substantial evidence in the record to support the ALJ's decision, not whether there is substantial evidence to support a different decision. *Her*, 203 F.3d at 389-90. The Court having found that the ALJ's decision is supported by substantial evidence, for reasons stated above, it is unnecessary to consider this argument further.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 6) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 7) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 18th day of March, 2016.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\Pikeville\14-166 Collins MOO.wpd